No. 26,996.

R. S. Randall et al., *Appellees,* v. W. R. Oliver (et al.), *Appellant.*

SYLLABUS BY THE COURT.

Pleadings — *Construction — Nature of Issue.* In an action to recover on a claim for threshing wheat, the controversy being over a counterclaim for wheat wasted in the process, the issue framed by the pleadings is held to have been whether the threshing was properly conducted, rather than merely whether the plaintiff had agreed to pay for all the wheat the defendant believed to have been lost by reason of a poor job of threshing.

Appeal from Clark district court; Littleton M. Day, judge. Opinion filed February 12, 1927. Affirmed.

*Walter L. Bullock,* of Dodge City, for the appellant.

*H. R. Daigh,* of Ashland, for the appellees.

The opinion of the court was delivered by

Mason, J.: R. S. Randall sued W. R. Oliver upon a claim of $1,-129.85 for threshing wheat. The defendant answered alleging that the plaintiff had operated the machine in such an unskillful way that he wasted 2,000 bushels of wheat, of the value of $2,200, on which account a recovery of $1,070.15 was sought. Judgment was rendered as asked in the petition, and the defendant appeals.

Complaint is made of an instruction, a part of which read as fol-

Appeal and Error, 4 C. J. p. 74 n. 14. Evidence, 23 C. J. p. 47 n. 35. Pleadings, 31 Cyc. p. 84 n. 28.

lows: "It was admitted in evidence and not disputed that a threshing machine in proper working order and properly handled will ordinarily throw into the stack with the straw from two to five per cent of the grain; that it is customary to contract with reference to the usual and ordinary amount of waste that the machine will make if handled properly and in good condition." The defendant urges that this was foreign to the issue; that evidence relating to the subject was erroneously admitted; and that the real issue was presented by testimony in his behalf that the threshing was done under an agreement that the plaintiff would pay for all the wheat wasted, and leave it to the defendant to say how much that was. We regard the instruction given and the evidence on the subject as pertinent under the pleadings.

The answer contained allegations to this effect: It was agreed the wheat should be threshed in a careful and workmanlike manner. The plaintiff represented that his machine was in good order and capable of threshing the grain in a good workmanlike manner, and that he was an experienced thresherman and would properly thresh the wheat. The defendant believed and relied on these representations and warranties. In fact the machine was not in good order and the plaintiff was not a competent thresherman, and by reason thereof large quantities of wheat were lost. On complaint of this being made by the defendant the plaintiff, to hold the job, agreed to pay for all the grain wasted by reason of the failure of his machine to properly thresh and clean the grain. The defendant, believing and relying on this promise, permitted the plaintiff to complete the job. The plaintiff operated the machine in such an unskillful and unworkmanlike, careless and negligent manner, in failing to propely thresh and clean the wheat, that he wasted and lost 2,000 bushels. The answer contained no averment of an agreement that the defendant should be the judge of how much wheat was wasted.

Taking the answer as a whole the agreement it sets out is not one to pay for wheat unavoidably lost, but for losses due to his fault or that of the machine. The amount of wheat ordinarily lost when the machine was in good condition and was carefully handled was therefore an element to be considered. The claim that the plaintiff agreed to leave it to the defendant to say how much wheat was wasted, not having been pleaded, was admissible in evidence only so far as it bore upon the issues made by the pleadings, and as no instruction on the subject was asked, the omission to refer to it in the

charge did not constitute error. The point is made that there was no denial of the testimony to the effect that the plaintiff agreed to pay whatever loss the defendant "believed he would sustain by reason of a poor job of threshing." The jurors, however, were not bound to give credence to it for want of an explicit contradiction. Moreover the counter-abstract alleges there was such a denial. The controversy was one of fact and the finding of the jury controls.

The court submitted to the jury the question how many bushels of wheat went into each stack and the answer was, twenty-six. The defendant contends that the question had no bearing on the case, on the ground already indicated. We regard it as pertinent and at all events not prejudicial. A witness for the defendant testified that by looking at a straw stack he could tell how much wheat he could thresh out of it, and that he looked at seven of these and could have threshed 100 bushels out of each.

The rejection of evidence is assigned as error, but no showing was made as to what the witnesses would have testified to.

The judgment is affirmed.